UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CLAIRE BINCI,

        Plaintiff,

    v.

ALASKA AIRLINES, INC., an Alaska Corporation,

        Defendant.

Case No. 3:21-cv-01012-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff was a passenger on one of defendant's flights from Portland, Oregon, to San Francisco, California, on June 5, 2019. Compl. ¶ 3, ECF 1-2. Plaintiff alleges that during the flight, the seat in front of her rapidly reclined backward, beyond its typical limit, and struck her while she was leaning forward. *Id.* ¶ 6; Proposed First Am. Compl. ¶ 12, Mot. Leave Am., Ex. A, ECF 21. Plaintiff claims the impact injured her head and neck. Compl. ¶ 8, ECF 1-2.

    Plaintiff brought suit against defendant in Multnomah County Circuit Court in June of 2021, asserting a single claim of negligence based on defendant's alleged failure to "appreciate . . . the risk posed by the seat back," failure to "use reasonable safeguards to prevent the abrupt and forceful reclining of the seat back," and failure to "warn plaintiff . . . of the hazard of an abruptly and forcefully reclined seat back[.]" *Id.* ¶ 7.

1 – OPINION AND ORDER

Defendant timely removed the case to this court based on diversity jurisdiction, then filed a motion for judgment on the pleadings. ECF 1; ECF 17. Defendant asserted that plaintiff's "failure to warn" claim was preempted by federal law, specifically the Federal Aviation Act ("FAA") and its attendant federal regulations. Mot. J. Pleadings 3–5, ECF 17. Defendant further argued that plaintiff's "failure to appreciate the risk" and "failure to use reasonable safeguards" claims failed as a matter of law because plaintiff did not allege any obligation arising from the special "common carrier" relationship and her injuries were not foreseeable. *Id.* at 5–11.

The court held a status conference and allowed plaintiff the opportunity to seek to amend her complaint in response to the preemption and other arguments defendant raised in its motion. ECF 20. Plaintiff then filed the current motion seeking leave to file an amended complaint along with the required proposed amended complaint. ECF 21.

## I.     Plaintiff's Proposed Amended Complaint

Plaintiff's proposed amended complaint asserts three claims for relief. First, she alleges that defendant negligently failed to maintain the seat and its reclining limiter, and that defendant's failure caused her injury. Proposed First Am. Compl. ¶¶ 14–16, Mot. Leave Am., Ex. A, ECF 21. Second, she alleges that defendant failed to provide adequate warnings to passengers about the seats and their reclining mechanisms. *Id.* ¶¶ 17–19. Her third claim, captioned "Negligence – Failure to Follow Guidelines," alleges that defendant "had a duty . . . to monitor for unsafe activities and take action to prevent them" and a "duty to recognize injured passengers and provide care to stabilize and/or minimize injuries and illnesses occurring in-flight." *Id.* ¶¶ 20–21. Plaintiff alleges defendant breached this duty by "(1) failing to recognize the unsafe operation of the seat back, (2) failing to properly maintain the seatback, (3) failing to

recognize and/or allowing passengers to sit in unassigned seats, . . . and (4) failing to recognize and provide first aid for injuries to plaintiff." *Id.* ¶¶ 22–23.

## II.    Leave to Amend Standards

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice requires." When exercising its discretion on a motion to amend, the court should be guided by the underlying purpose of Rule 15(a), which is "to facilitate decisions on merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). Thus, leave to amend is to be granted with "extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

Leave to amend is not, however, automatically granted. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (simplified). Prejudice is the most important factor. *Eminence Capital*, 316 F.3d at 1052. Futility may support denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *Id*. (citation and internal quotation marks omitted).

3 – OPINION AND ORDER

**III.    Discussion**

    **A.    Delay in Seeking Amendment**

Defendant argues that plaintiff's motion should be denied based on "unjustified delays in seeking to amend her lawsuit." Resp. 8, ECF 22. Approximately one month after defendant filed its Motion for Judgment on the Pleadings, the court held a status conference, during which it allowed plaintiff to file a motion for leave to amend to address the alleged deficiencies identified in defendant's motion. ECF 20. Plaintiff timely filed the motion for leave to amend approximately two weeks later. This is plaintiff's first request for leave to amend, and there is no evidence that plaintiff is acting in bad faith in seeking amendment. Therefore, granting leave to amend turns on whether amendment would be futile. *See Carvalho*, 629 F.3d at 892–93.

    **B.    Failure to Warn Claim**

Defendant asserts that plaintiff's "failure to warn" claim is preempted by federal law and thus any amendment is futile. Because federal law is the supreme law of the land, Congress has the power to preempt state law. U.S. CONST. Art. VI, cl. 2; *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). Congress's intent to preempt state law may be "explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Id.* (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1997)). "There are two types of implied preemption: conflict preemption and field preemption." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007). "Courts may find conflict preemption when a state law actually conflicts with federal law or when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the federal law." *Id.* (citing *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 95 (1983)) (additional citations omitted). Field preemption "exists when federal law so thoroughly occupies a legislative field 'as to make reasonable the inference

4 – OPINION AND ORDER

that Congress left no room for the States to supplement it.' " *Id.* (quoting *Cipollone,* 505 U.S. at 516).

The FAA does not have an express preemption clause. *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009). Plaintiff's proposed amendments do not conflict with any provision of the FAA or its attendant regulations. Thus, defendant's argument depends on implied field preemption. *See id.* The Ninth Circuit has held that "regulations enacted by the Federal Aviation Administration, read in conjunction with the FAA itself, sufficiently demonstrate an intent to occupy exclusively the entire field of aviation safety and carry out Congress' intent to preempt all state law in this field." *Id.* at 471.

The FAA and its regulations do not, however, preempt all state law negligence claims related to air travel. *Martin*, 555 F.3d at 811. The Ninth Circuit has established a two-part framework to evaluate whether the FAA preempts a state law personal injury claim. *Blackwell v. Panhandle Helicopter, Inc.*, 94 F. Supp. 3d 1205, 1210 (D. Or. 2015) (citing *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013)). First, the court asks whether the particular area of aviation safety implicated by the lawsuit is governed by pervasive federal regulations. *Id.* If so, then any applicable state standards of care are preempted; however, "in areas without pervasive regulations or other grounds for preemption . . . the state standard of care remains applicable." *Gilstrap*, 709 F.3d at 1004 (quoting *Martin*, 555 F.3d at 811). "[E]ven if the state standards of care are preempted, state law still governs 'the other negligence elements (breach, causation, and damages) as well as the choice and availability of remedies.' " *Blackwell*, 94 F. Supp. 3d at 1210 (quoting *Gilstrap*, 709 F.3d at 1004).

"Failure to warn" claims like the one plaintiff alleges here are preempted by the FAA. The FAA and "pervasive" regulations promulgated under it make clear that Congress intended

for the FAA to exercise exclusive authority to enact uniform passenger warnings without interference from a "crazyquilt" patchwork of state laws that would result from decentralized authority and control over warnings. *Montalvo*, 508 F.3d at 472–74; *Martin*, 555 F.3d at 811 (explaining that while *Montalvo* did not preempt all areas of aviation law, the FAA and its related "pervasive regulations" in the area of passenger warnings preempted state law "failure to warn" claims).

Thus, a plaintiff bringing a "failure to warn" claim can only recover if there is a federal requirement to provide the warning that plaintiff alleges should have been given. *Montalvo*, 508 F.3d at 474 ("The FAA, together with federal air safety regulations, establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, states. The district court correctly held that because there is no federal requirement that airlines warn passengers about the risk of developing DVT, Plaintiffs' negligence claim fails as a matter of law.").

Plaintiff's proposed amended complaint alleges that defendant "failed to provide adequate warnings concerning the proper operation of seatbacks and/or failure to warn plaintiff of the hazard of an abruptly reclined seatback from a passenger seat directly in front of her." Proposed First Am. Compl. ¶¶ 14–16, Mot. Leave Am., Ex. A, ECF 21. Neither plaintiff's proposed amended complaint nor her reply in support of the motion for leave to file it identifies an applicable federal statute or regulation that requires such a warning. *See id;* Reply 3–6, ECF 24. The only regulation plaintiff cites that requires a warning at all is 14 C.F.R § 125.333, but Part 125 does not apply to defendant, who is a common carrier subject to Part 121 and is expressly exempted from Part 125. Reply 5, ECF 24; *see also id.* at 4 (recognizing that defendant is subject to Part 121); 14 C.F.R. § 125.11(b) (providing that section 125 certificate holders

cannot "conduct any operation which results directly or indirectly from any person's holding out to the public to furnish transportation"); 14 C.F.R. § 125.1(b)(1) ("The rules of this part do not apply to the operations of airplanes specified in paragraph (a) of this section, when . . . [t]hey are required to be operated under part 121, 129, 135, or 137 of this chapter[.]");

The other federal regulations plaintiff offers are even further afield and do not require defendant to warn passengers about "the proper operation of seatbacks" or the "hazard of an abruptly reclined seatback." Reply 4–5, ECF 24 (citing 14 C.F.R. §§ 125.71, 125.73 (relating to maintaining a manual); 14 CFR §§ 119.43, 119.37 (requiring air carrier to have and maintain a flight standards office); 14 C.F.R § 121.153 (requiring carrier to use an approved weight and balance system); 14 C.F.R. §§ 125.247, 125.249 (requiring manual to describe maintenance program)). The lack of a federal standard requiring the warnings plaintiff claims defendant should have given is fatal to her "failure to warn" claim. To this extent, plaintiff's proposed amendments are futile, and plaintiff's motion for leave to amend the complaint with the proposed "failure to warn" theory is denied.

### C. Failure to Maintain Claim

Defendant asserts that plaintiff's "failure to maintain" claim is futile because she "does not identify a single guideline or Federal regulation that might impose a duty to maintain the seat" and also it "is not reasonably foreseeable . . . that a passenger reclining the seat in front of plaintiff would injury [sic] plaintiff in the manner described." Resp. 6, ECF 22.

As a preliminary matter, defendant has not shown that plaintiff's negligent failure to maintain claim is preempted by federal law. Numerous cases have recognized an array of state law negligence claims that are not preempted by federal aviation law, including claims regarding airplane stairs and safety procedures for certain crew members or other employees. *See Martin,*

555 F.3d at 812 (stairs); *Otoski v. Avidyne Corp.*, No. CV.09-3041-PK, 2011 WL 13371601, at *17 (D. Or. Nov. 14, 2011), *report and recommendation adopted,* 2012 WL 13041554 (D. Or. Mar. 5, 2012) (safety procedures for crew and employees); *Weikert v. Delta Air Lines, Inc.*, No. CV 20-11277, 2021 WL 5988283, at *5 (E.D. Mich. Oct. 25, 2021) (holding that federal law does not preempt negligence claims based on alleged failure to "ensure that an exit path is well-maintained and free of hazards"). Defendant has not identified a "pervasive regulatory" scheme regarding airline passenger seats and their maintenance, and thus plaintiff's negligence claim based on the failure to maintain the seat is not preempted by federal law. *See Rajpal v. Delta Air Lines, Inc.*, No. 21-CV-05066-EMC, 2021 WL 4146944, at *4 (N.D. Cal. Sept. 13, 2021) (finding that plaintiff's allegations regarding "two areas of aviation safety: (1) how crewmembers should store carry-on luggage in overhead compartments, and (2) how air carriers should train and supervise crewmembers on how to do so," were not preempted because these areas were "far from pervasively regulated") (internal quotation marks omitted).

Under Oregon law, "traditionally, the elements of common-law negligence required a plaintiff to plead and prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach was the cause-in-fact of some legally cognizable damage to the plaintiff." *Chapman v. Mayfield*, 358 Or. 196, 205 (2015) (citing *Brennen v. City of Eugene*, 285 Or. 401, 405 (1979)) (simplified). However, under Oregon's "contemporary jurisprudence, the traditional duty-breach analysis is subsumed in the concept of general foreseeability, 'unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty.' " *Id.* (quoting *Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1, 17 (1987)) (footnote and additional citation omitted).

"Despite that shift, causation-in-fact and the occurrence of legally cognizable harm (damage) remain as elements of any common-law negligence claim." *Id.* (citing *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 340 (2004)). "Thus, when a claim for common-law negligence is premised on general principles of foreseeability, the plaintiff must plead and prove that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Id.* (citations omitted).

Assuming the alleged facts are true, plaintiff's proposed negligence claim for failure to maintain the seat or reclining mechanism is not futile. According to plaintiff, the seat in front of her suddenly reclined past its usual limit and hit her in the head. Proposed First Am. Compl. ¶ 12, Mot. Leave Am., Ex. A, ECF 21. She alleges that defendant failed to adequately maintain the seat. *Id.* If defendant failed to maintain the seat, then it is foreseeable that the seat might malfunction and injure the person sitting behind. *Bailey v. Lewis Farm, Inc.*, 343 Or. 276, 281 (2007) ("The type of harm that plaintiff suffered fell squarely within the scope of the risk that defendant's negligence created; it was reasonably foreseeable that defendant's failure to maintain the axle would cause the axle to fail and that the failed axle would result" in an automobile accident).

Defendant does not dispute that it is a common carrier. Sur-Reply 6, ECF 26. Defendant therefore "owes . . . passengers the highest degree of care and skill practicable for it to exercise." *Moorehead v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 273 Or. App. 54, 63 (2015) (citation and quotation marks omitted). Defendant argues, though, that because plaintiff has not alleged a "particular obligation" that defines the scope of its heightened duty, it should be subject to general foreseeability principles. Sur-Reply 4–5, ECF 26. The distinction is academic. Under

9 – OPINION AND ORDER

either standard, the failure to properly maintain an airline seat could foreseeably lead to an injury to the person sitting behind it if the seat were to fail. *See Simpson v. Gray Line Co.*, 226 Or. 71, 77 (1961) (noting a "common carrier's extraordinary duty to inspect and maintain its equipment in a safe condition").

      Defendant also asserts that the injury was not foreseeable because plaintiff does not allege that defendant or its employees "knew or should have known of any malfunction" of the seat. Sur-Reply 5, ECF 26. Defendant does not, however, cite any authority for the proposition that it must have known or suspected that the seat was broken before it could be liable on a negligent failure to maintain theory. Knowledge of the hazard is relevant in cases where the plaintiff allegedly slipped and fell on a foreign object on the ground because in those cases, the hazard was caused by something out of the defendant's control. *E.g.*, *Moorehead*, 273 Or. App. at 63 (holding trial court correctly instructed jury that to succeed on slip-and-fall claim regarding a puddle on floor of bus, plaintiff must show defendant knew water was present on the floor and did not use reasonable care to clear or warn passengers about the hazard). The foreseeability of an injury being caused by a foreign object on the floor depends on the defendant having an opportunity to discover the hazard before the negligent "failure to clear the hazard" comes into play. *Morrison v. Pacific Nw. Pub. Ser. Co.*, 146 Or. 225, 232 (1934) (rejecting highest standard of care where a "temporary condition . . . over which the carrier does not have exclusive control, such as the deposit of some foreign substance on the floor of a car by a passenger" and instead requiring that "the company had knowledge of such condition, or because of certain facts should have known, and did not remedy the same").

      Here, though, the instrumentality that caused the injury—the seat or its reclination limiter—is solely under defendant's control and is more properly understood as part of the

airplane's equipment that defendant has a duty to maintain. *See* Proposed First Am. Compl. ¶ 12, Mot. Leave Am., Ex. A, ECF 21; *Simpson* 226 Or. at 77 (noting a "common carrier's extraordinary duty to inspect and maintain its equipment in a safe condition"). Plaintiff's motion for leave to file an amended complaint to state a common law claim for negligence based on defendant's alleged failure to maintain its seat or equipment related to it is therefore granted.

### D.     Failure to Follow Guidelines Claim

The sufficiency of plaintiff's final negligence claim based on defendant's alleged "failure to follow guidelines" is less clear. *See* First Am. Compl. ¶¶ 20–23, Mot. Leave Am., Ex. A, ECF 21. Under Oregon law, a pleading that alleges the violation of a statute or regulation in an action for negligence can be read as asserting one of three possible claims: a statutory tort, negligence *per se*, or a common law negligence claim where the violation of the law is relevant to determining whether the defendant's conduct was wrongful. *Shahtout By & Through Shahtout v. Emco Garbage Co.*, 298 Or. 598, 600–01 (1985) (explaining the various effects of violating a "governmental regulation in actions for damages").

The legislature can create a statutory tort through a law that is designed to protect a certain class of people from harm; the statute provides either an express or implied cause of action against those who fail to comply with the law and as a result cause the kind of harm that the statute was designed to prevent. *Wickham v. Apollo, Inc.*, No. 05-0352-HU, 2005 WL 1705028, at *1 (D. Or. June 28, 2005) (citing *Shahtout*, 298 Or. at 600); *see also Osborne v. City of Burns, Or.*, No. 2:11-CV-00080-SU, 2012 WL 930815, at *12 n.9 (D. Or. Feb. 27, 2012), *report and recommendation adopted,* 2012 WL 930234 (D. Or. Mar. 19, 2012) ("A statutory tort claim asserts that a statute prescribes damages as a remedy for its violation."). A statutory tort

11 – OPINION AND ORDER

exists "independent of any parallel common-law claim and can be pleaded . . . with or without an accompanying common-law claim." *Bellikka v. Green*, 306 Or. 630, 650 (1988).

Statutory torts are distinct from negligence *per se* claims. *Wickham*, 2005 WL 1705028, at *2 (citing *Shahtout*, 298 Or. at 601). Negligence *per se* only applies to "cases brought on a theory of liability for negligence rather than liability grounded in obligations created by statute." *Id.* (citing *Shahtout*, 298 Or. at 600). "A negligence *per se* claim asserts that a statute establishes a standard of care, and it uses a violation of the statute to support a *prima facie* case for ordinary negligence." *Osborne*, 2012 WL 930815, at *12 n.9 (citing *Bellikka,* 306 Or. at 650).

Although statutory torts and negligence *per se* are distinct, the "elements required to state a claim for both are the same." *McAlpine v. Multnomah Cnty.*, 131 Or. App. 136, 144 (1994). "Plaintiff must allege that (1) defendants violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; *and* (4) that the injury plaintiff suffered is of a type that the statute was enacted to prevent." *Id.* (citations omitted) (emphasis in original). "An additional requirement, when the claim is based on violation of an administrative regulation rather than a statute, is that even when the regulation meets the *McAlpine* factors, its terms permitting the imposition of private liability must not be *ultra vires*." *Wickham*, 2005 WL 1705028 at *2 (citing *Ettinger v. Denny Chancler Equipment Co., Inc.,* 139 Or. App. 103, 107 (1996)).

Plaintiff's allegations as currently stated do not satisfy these requirements. The two regulations cited in the newly proposed amended complaint do not require defendant to "recognize the unsafe operation of the seatback," to "properly maintain the seatback," to prevent passengers from moving seats, or to provide first aid to an injured plaintiff. Proposed First Am. Compl. ¶¶ 25–29, Reply, Ex. A, ECF 24. As explained above, the cited regulation in Part 125

12 – OPINION AND ORDER

does not apply to a commercial common carrier subject to Part 121. *See* 14 C.F.R. § 125.1(b)(1) ("The rules of this part do not apply to the operations of airplanes specified in paragraph (a) of this section, when . . . [t]hey are required to be operated under part 121, 129, 135, or 137 of this chapter[.]"). And 14 C.F.R. § 121.397 applies to "emergency and emergency evacuation duties" and is inapplicable to the factual allegations in the proposed amended complaint.

Thus, plaintiff has not alleged facts showing defendant's conduct violated any applicable "guidelines" or other regulations that could be the basis of a statutory tort or negligence *per se* claim. *Pincetich v. Jeanfreau*, 699 F. Supp. 1469, 1477 (D. Or. 1988) (dismissing claims that failed to cite "the specific statutes, rules and regulations which form the basis for the negligence *per se* claim" and also failed to allege facts showing that "the plaintiffs are members of the class of persons meant to be protected by the statute, and that the injury is of the type which the statute was enacted to prevent"); *Williamson v. Munsen Paving, LLC*, No. CIV. 09-736-AC, 2009 WL 4505443, at *5 (D. Or. Nov. 30, 2009) (ruling that plaintiff's negligence *per se* claim was insufficient because it failed to cite the correct regulatory provisions and failed to tie the factual allegations to the regulations).

To the extent, though, that plaintiff alleges facts suggesting that defendant's employees failed to adequately monitor passenger movement and failed to identify unsafe conditions on the plane, those allegations suggest that plaintiff's attempt to allege a common law negligence claim under Oregon law is not futile. Proposed First Am. Compl. ¶¶ 6–14, Reply Ex. A, ECF 24; *Chapman*, 358 Or. at 205 ("Thus, when a claim for common-law negligence is premised on general principles of foreseeability, the plaintiff must plead and prove that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff."). The label plaintiff uses

for this claim ("Negligence—Failure to Follow Guidelines") is not controlling. *See Ambriz v. CVS Pharmacy, Inc.,* No. 119CV01391NONESKO, 2020 WL 1660018, at *4 (E.D. Cal. Apr. 3, 2020) ("[P]laintiffs' imperfect statement of the legal theory does not require dismissal under Rule 12(b)(6)") (citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014)) (internal quotation marks omitted). While plaintiff's proposed amended complaint has failed to adequately plead a statutory tort or negligence *per se* claim based on the defendant's failure to follow any particular "guidelines," the factual allegations could support an alternative theory for plaintiff's common law claim for negligence under Oregon law. Therefore, plaintiff's motion for leave to amend is granted because the proposed amended is not futile.

## ORDER

Plaintiff's motion for leave to amend (ECF 21) is granted as to plaintiff's first claim for negligent failure to maintain and third claim to the extent the relevant factual allegation state a common law claim for negligence under Oregon law. Because plaintiff's second "Negligence—Failure to Warn" claim is preempted by federal law, plaintiff's motion for leave to amend is denied as to that claim. Defendant's motion for judgment on the pleadings (ECF 17) is denied as moot. Plaintiff shall file an amended complaint consistent with this order within 14 days.

DATED  August 29, 2022.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge