UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CLAIRE BINCI,

        Plaintiff,

    v.

ALASKA AIRLINES, INC., an Alaska Corporation,

        Defendant.

Case No. 3:21-cv-01012-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Defendant Alaska Airlines, Inc., has filed a Motion for Summary Judgment. ECF 35. Plaintiff has filed no response to the motion, which could be considered a concession on the merits. Nevertheless, the court has examined defendant's motion and grants summary judgment because there is no genuine issue of material fact as to defendant's lack of negligence.

**I.**    **Summary Judgment Standard**

    Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate

1 – OPINION AND ORDER

the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citing Fed. R. Civ. P. 56(e)).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II.  Discussion

Plaintiff alleges that, on June 5, 2019, she was a passenger on an Alaska Airlines flight when another passenger took an empty seat in front of hers and reclined with excessive force and speed causing her to suffer physical injuries. Plaintiff claims defendant was negligent in failing to maintain its aircraft seats and seatbacks, allowing passengers to sit in unassigned seats, failing to monitor unsafe activities and conditions, and failing to provide first aid for her injuries.

In support of its motion for summary judgment, defendant has produced uncontroverted evidence that the seats installed on the aircraft on which plaintiff was riding are capable of reclining only three inches back, and that the aircraft seats, backrests, and recline functions were inspected twelve times between September 24, 2018, and December 18, 2019, including on April 24, 2019, and June 28, 2019, i.e., before and after plaintiff's flight. No maintenance issues were found or reported during these inspections, and no defects were otherwise found outside the aircraft's routine maintenance and inspection schedule. Additionally, defendant's seating policies permitted passengers to move seats during a flight as long as they remained in the same

seating class and as long as there was no weight and balance restriction that prevented passengers from moving to a different zone on the aircraft, which did not exist during plaintiff's flight.

Plaintiff has proffered no argument or evidence in response to defendant's motion for summary judgment. That is, plaintiff has not, as she is required to do, gone "beyond the pleadings" and "designate[d] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 323. Therefore, summary judgment is granted in defendant's favor.

## ORDER

Defendant's Motion for Summary Judgment (ECF 35) is GRANTED and this case is dismissed with prejudice.

DATED September 25, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – OPINION AND ORDER